IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL S. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-549-KAJ |
| | ) | |
| RADCLIFFE CHARLES, | ) | |
| BRADFORD APA, LYLE | ) | |
| BRYANT, HORACE DUGGINS, | ) | |
| CPL. WILLIAMS, and CPL. | ) | |
| DANELLI, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Daniel S. Green ("Green"), an inmate at the Central Violation Center at the

Delaware Correctional Center, Smyrna, Delaware, brings this lawsuit pursuant to 42

U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3). The Court now proceeds to review

and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed in part as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Green, however, is given

leave to amend his complaint.

**I.     THE COMPLAINT**

Green names as defendants Radcliffe Charles ("Charles"), Bradford Apa ("Apa"),

Lyle Bryant ("Bryant"), Horace Duggins ("Duggins"), Cpl. Williams ("Williams"), and Cpl.

Danelli ("Danelli"). He alleges two separate claims of excessive force; one occurring on

August 23, 2004, and the other on January 24, 2005.

During the August 23rd occurrence, Green alleges that he was handcuffed by C/O Galli and handed over to the "QRT Team" defendants. Green alleges, it seems, that those defendants hit him and smashed his head. The complaint does not explain what the "QRT Team" is, what the "QRT Team" does, what the letters "QRT" mean, or which defendants are members of the "QRT Team".

The second incident occurred on January 24, 2005. Green alleges that Williams and Danelli slammed him on the table and floor, respectively. He also alleges that five unnamed C/O's held him down. Green alleges that after this incident he was taken to "medical" where he remained for three days.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim

2

when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    ANALYSIS

Green names Charles, Apa, Bryant, and Duggins as defendants. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The complaint contains absolutely no mention of these defendants other than to include them in the caption of the case and in the listing of defendants. Green simply provides no facts to support a claim against these four defendants. While Green makes allegations against the "QRT Team", he fails to identify those individuals, and in reading the complaint the Court cannot discern if the Charles, Apa, Brant, and Duggins are part of the "QRT Team".

Accordingly, the claims against Charles, Apa, Bryant, and Duggins as currently presented, lack an arguable basis in law or in fact and must, therefore, be dismissed as frivolous[1]. *Neitzke v. Williams*, 490 U.S. 319,  325 (1989).

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that

1.      Daniel S. Green's claims against Radcliffe Charles, Bradford Apa, Lyle Bryant, and Horace Duggins are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)  and § 1915A(b)(1).

---

[1]Green has sufficiently alleged assaultive behavior by Cpl. Williams and Cp. Danelli to survive review.  He is permitted to proceed against them on an Eighth Amendment excessive force claim.

3

2.    Green is given leave to amend the complaint.  The amended complaint shall be filed within thirty days from the date of this order.  If an amended complaint is not filed within the time allowed, then the case will proceed with the original complaint against defendants Cpl. Williams and Cpl. Danelli.

UNITED STATES DISTRICT JUDGE

February 1, 2006
Wilmington, Delaware

4